

**'09 CIV 7351**

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff
Minimal Enterprises Company
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
Facsimile:  (646) 328-0121
William R. Bennett, III (WB 1383)

RECEIVED
AUG 20 2009
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

MINIMAL ENTERPRISES COMPANY                    09-CV-

                Plaintiff,

                                **VERIFIED COMPLAINT**

    -against-

BCT CHEMTRADE CORP.,

                Defendants.

-------------------------------------------------------------------x

       Plaintiff, MINIMAL ENTERPRISES COMPANY,  by its attorneys, Bennett, Giuliano,

McDonnell & Perrone, LLP, complaining of the Defendant, BCT CHEMTRADE CORP., herein,

alleges upon information and belief as follows:

       1.     This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully

appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure.

       2.     At all times hereinafter mentioned, Plaintiff, Minimal Enterprises Company

(hereinafter referred to as "Minimal") was, and now is, a corporation or other business entity duly

organized and existing under and by virtue of the laws of a foreign country, with an office and

principal place of business in a foreign country and was the registered owner of the vessel

LIQUID CHALLENGE.

3.    At all times material hereto, defendant BCT CHEMTRADE CORP. (hereinafter referred to as "BCT"), was, and still is, a corporation or other business entity organized and existing under the laws of a foreign country with a principal place of business in Switzerland.

4.    On or about January 14, 2009, Plaintiff and Defendant entered into a maritime contract, commonly referred to as a Mate's Receipt, for the charter of space on the vessel LIQUID CHALLENGE (hereinafter the "Vessel"). Pursuant to the terms of the Mate's Receipt, the Defendant had a contractual obligation to discharge cargo at the designated discharge port. *Copy of plaintiff's Mate's Receipt, protest letter, and additional documentation are attached hereto as Exhibit A.*

5.    The Vessel was timely delivered into the service of Defendant. *Copy of the Notice of Readiness is attached hereto as Exhibit B.* The vessel's tanks were deemed suitable to receive and transport Defendant's cargo. *Copy of Certificates of Cleanliness are attached hereto as Exhibit C.*

6.    However, upon the completion of loading, it was found that the Defendant's cargo was contaminated. Despite these findings, Defendant instructed the Vessel to sail towards the discharge port. Upon arrival at the discharge port, the receivers rejected a portion of the cargo.

7.    Further, Plaintiff retained a marine surveyor to investigate whether it was possible to discharge the cargo at the discharge port. The surveyor found a potential buyer at the discharge port who was prepared to take delivery of the contaminated cargo at a better price than the one eventually obtained by Defendant when the Vessel returned to Europe. Plaintiff incurred expenses in the amount of $21,172.11 for the services provided by the marine surveyor.

8.    In breach of the contract, the Vessel returned to Europe to discharge the contaminated cargo.

2

9.      Defendant improperly deducted $45,672.00 from the money owed to Plaintiff for hire of the Vessel.    *Copy of Correspondence relating to defendant's and the Hire Statement issued by Defendant attached hereto as Exhibit D.*

10.     Defendant has failed to make full payment for the money due and owing to Plaintiff, and is therefore in breach of the charterparty.

11.     This action is brought *inter alia* pursuant to 9 U.S.C. § 8 in order to obtain security for Plaintiff's claims made or to be made in London, England.

12.     All disputes to be submitted to London arbitration with English Law to apply.  As a regular feature of English law, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of Plaintiff's claim in admiralty and the amount sued for herein.

13.     Plaintiff will commence arbitration and/or other legal proceedings against the Defendant in accordance with the terms of the Court's Order.

14.     Plaintiff estimates, as nearly as can presently be computed, that the recoverable legal expenses and costs of prosecuting its claims in London will be approximately US $28,000.00.  Interest anticipated to be awarded is estimated to be US $2,700.00 (calculated at the rate of 2% per annum) for a period of two (2) years, which is the estimated time for completion of the proceedings in London), on the base amount of US $66,844.11.

15.     In all, the claim for which Plaintiff sues for breach of the maritime contract, as near as presently may be estimated, totals US $97,544.11, no part of which has been paid by Defendant.  Plaintiff specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure plaintiff.

16.     Defendant routinely does business in U.S. Dollars and through New York financial institutions.

3

17.    Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Defendants will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendants (collectively hereinafter, "ASSETS"), including but not limited to in their names and/or being transferred for their benefit funds, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein because defendant conducts business internationally in US Dollars and all electronic fund transfers are processed by intermediary banks in the United States, primarily New York.

18.    The total amount sought to be attached pursuant to the above is US $97,544.11.

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

2.    That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including US $97,544.11 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, frights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant, including but not limited to assets in their names and/or being transferred for their benefit, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of

4

Maritime Attachment and Garnishment issued herein, including, but not limited to, ABN AMRO Bank, American Express Bank, Bank Leumi USA, Bank of America, N.A., Bank of China, Bank of New York, Bank of Tokyo –Mitsubishi JFJ Ltd., Barclays Bank, BNP Paribas, Citibank, N.A., Deutsche Bank USA, Fortis Bank, HSBC Bank USA, N.A., JP Morgan Chase Bank, N.A., Malayan Banking Berhad, Overseas Chinese Banking Corporation, Standard Chartered Bank, United Overseas Bank, and Wachovia Bank, N.A.

3.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the defendant in the foreign proceedings; and,

4.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
           August 17, 2009

                                            Bennett, Giuliano, McDonnell & Perrone, LLP
                                            Attorneys for Plaintiff


                                            _____
                                            William R. Bennett, III
                                            494 Eighth Avenue, 7th Floor
                                            New York, New York 10122
                                            Telephone: (646) 328-0120
                                            Facsimile:  (646) 328-0121

## ATTORNEY VERIFICATION

WILLIAM R. BENNETT, III, being duly sworn, deposes and says as follows:

1.    I am a partner at the law firm of Bennett, Giuliano, McDonnell & Perrone, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.    The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.    The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial district

_____
William R. Bennett, III

Sworn and subscribed to before me
this _20th_ day of August 2009

_____
Notary Public

JEFFREY R. KRANTZ
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02KR6128569
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES JUNE 13, 2013

Z:\Casework\...\...072909.docx

6

# EXHIBIT A

MATE'S RECEIPT

BCT Chemtrade Corp.
Grienbachstrasse 17, CH-6300 Zug / Switzerland

Shipped in apparent good order and condition by ................ Motorship

on board the ............ MARSHALL ISLANDS ................
Steamship   "Liquid Challenge" Voy 12/2009   Contract Number 21058

whereof  CAPT. VALERY IGNATOV ................ is Master, at the port of
.......................... HAMBURG, GERMANY ..........................

"CLEAN ON BOARD "

1 LOT SULPHURIC ACID IN BULK ................ 9 . 9 5 9 . 4 7 5 .... KGS .........

a quantity said to be ................ tons ................ barrels ................ gallons or
the quantity, measurement, weight, gauge, quality, nature, value and condition of the cargo unknown to the vessel and the Master, the
vessel or master are not responsible for quantity, measurement, weight, gauge, quality, nature, value, condition and contamination and
discoloration of the

cargo to be delivered at the port of ................ MOA BAY, CUBA ................

or so near thereto as the Vessel can safely get, always afloat, unto   Moa Nickel S.A., Carretera del Puerto S/N, Moa Holguin,
Cuba, Ph: 53 24 62401 / fax : 53 24 62010 Attn: Gerardo Garcia -
Idania Rodriguez

or order on payment of freight at the rate of   "FREIGHT PAYABLE AS PER CHARTER PARTY"

This shipment is carried under and pursuant to the terms of the Charter dated   20th November 2008

COPY-NON NEGOTIABLE

at ................................

and ................................ between ................................

all the terms whatsoever of the said Charter except the rate and payment of freight specified therein apply to and govern the rights of
the parties concerned in this shipment.

If this Bill of Lading is a document of title to which the Carriage of Goods by Sea Act of the United States, approved April 16, 1936
or similar legislation giving statutory effect to the International Convention for the Unification of Certain Rules relating to Bills of
Lading at Brussels of August 25, 1924, applies by reason of the port of loading or discharge being in territory in which the said Act or
other similar legislation is in force, this Bill of Lading shall have effect subject to the provisions of the said Act or other similar legisla-
tion, as the case may be, which shall be deemed incorporated herein, and nothing herein contained shall be deemed a surrender by the
carrier of any of its rights or immunities or an increase of any of its responsibilities or liabilities under said Act or other similar legisla-
tion. If any term of this Bill of Lading is repugnant to the said Act or other similar legislation as so incorporated, such terms shall be
void to that extent but no further.

In Witness Whereof, the Master has signed   3 ( THREE . )   Bills of Lading of
this tenor and date, one of which being accomplished, the other will be void.

Dated at ................ HAMBURG ................ this ................ day of ................ 12. 04. 09

MASTER

NOTIFY:

Moa Nickel S.A.,
Carretera del Puerto S/N,
Moa Holguin,Cuba,
Attn: Gerardo Garcia
Idania Rodriguez
Ph: +53 24 62401
Fax: +53 24 62010

LOADING TEMPERATURE:
+20 DEGREES CENTIGRADE
MELTINGPOINT:
-05 DEGREES CENTIGRADE
VISCOSITY : 23 MAPS

The original Bill of Lading retained
for signing surrendered against which Bill of
Lading may properly be made.
Delivery of cargo may properly be made
on inspections received from
Shippers/Charterers

Letter-26.0



# PROTEST LETTER

| | |
|---|---|
| **Ship: M/T LIQUID CHALLENGE** | **Voy: 103/BCT #12** |
| Port: HAMBURG, GERMANY | |
| Date: April 12th, 2009 | |

Loading or Discharging:   LOADING
Cargo(es):   SULPHURIC ACID
Berth/Terminal:   VOPAK, DUPEG #4

Please be advised that the vessel completed the loading operation at your terminal at 20:20hrs of April 12th and cargo samples drawn from the vessel's tanks. On completion of sampling 2 out of the 12 samples appear to be discoloured and further sampling and investigation was required to determine the source of this discolouration. To do so the vessel should be remain alongside at your terminal but due to your decision to book another vessel for the same berth, my vessel forced to leave the berth prior to complete the above mentioned investigation.

I, the Master of the Vessel, hereby lodge protest accordingly, and we, including my disponent Owners, hold you and/or Charterers responsible for any cost, delays, losses, contamination, expenses, damage and consequences. Further on behalf of my owners and or any other party concerned, I reserve their rights to refer to this matter at a future time.

TENDERED TO:   VOPAK, DUPEG-HAMBURG    Very truly yours,

PER:   C / P

DATE AND HOUR:   12 Apr 2009, 22:00 hrs

Master/Agent

CNS SHIPPING GMBH
- AS AGENTS ONLY -

RECEIVED BY:

PER:   *FRANK SCHNGIDER*

DATE AND HOUR:   *12.04.09 — 2230 HRS*

Page 1 of 1



ELMIRA
SHIPPING & TRADING S.A

Letter-19.0
*Original to Charterer.*
*One copy to vessel/Elmira.*

# PORT LOG

**Vessel:** M/T LIQUID CHALLENGE          **Voyage #** _____ 103 _____
**Loading** ■                             **Discharging** ☐
**Cargo:** Sulfuric acid

| Port: Hamburg, Germany | Date | Hour | Terminal: Vopak Dupeg Jetty No. 4 Remarks |
|---|---|---|---|
| End of sea passage. | 10 Apr. 09 | 0800H | |
| Anchor, continue tanks preparation for loading | | 0812H | |
| Start heave up anchor | 11 Apr. 09 | 1140H | |
| Anchor up. Proceed to pilot station | | 1155H | |
| P.O.B., inbound steaming | | 1345H | |
| Change pilot at cuxhaven | | 1625H | |
| Harbour pilot onboard | | 1940H | |
| Tugboat made fast aft | | 1950H | |
| First line ashore, commenced berthing | | 2025H | |
| Tugboat released | | 2050H | |
| All fast, Pilot off | | 2100H | |
| Commence deballasting | | 2110H | |
| Placed ship's gangway, surveyor, agent onboard | | 2125H | |
| Bunker barge alongside | | 2130H | |
| Start tank inspection start | | 2140H | |
| Bunker hose connected, 1x6" | | 2200H | |
| Start receiving MDO | | 2205H | |
| Finished Tank inspection/ tank accepted | | 2210H | |
| Start safety meeting | | 2215H | |
| Finished safety meeting | | 2230H | |
| Agent off | | 2235H | |
| Surveyor off | | 2240H | |
| Finished receiving MDO | | 2245H | |
| Start receiving IFO LS | | 2253H | |
| Finished receiving IFO LS | | 2320H | |
| Start receiving IFO HS | | 2325H | |
| Finished receiving IFO HS | 12 Apr. 09 | 0130H | |
| Bunker hose disconnected | | 0150H | |
| Bunker barge left | | 0215H | |
| Completed deballasting. Waiting shore/Barge for hose connection/ loading | | 0315H | |
| Barge "Crystal Water " alongside | | 0345H | |
| Hose connected, 1x6" to common line from Barge | | 0420H | |
| Commenced loading from Barge | | 0515H | |
| Hoses connected ,2 x 6" to common line from shore | | 0535H | |
| Commenced loading from shore | | 0600H | |
| temporary stop loading from shore | | 1605H | |
| Completed loading from barge | | 1820H | |
| Start blowing of hose of barge | | 1830H | |
| Completed blowing of hose/ resume loading from shore | | 1840H | |
| Hose disconnected from barge | | 1845H | |
| Barge "Crystal Water" cast off | | 1950H | |
| Start sampling of cargo | | 2000H | |
| Completed loading Sulphuric acid | | 2020H | |

Page 1 of 2

Revision No. 01
Issued on: 25 Feb 2008

Letter-19.0

*Original to Charterer.*
*One copy to vessel/Elmira.*

| | | | |
|---|---|---|---|
| Commence air blowing of shore hose | | 2025H | |
| Completed air blowing of shore hose | | 2030H | |
| Hose disconnected | | 2050H | |
| Completed sampling of cargo | | 2110H | |

**DELAYS WHILST IN PORT:**

| From | To | | Reason |
|---|---|---|---|
| | | | |

**TUG REPORT:**

| From | To | | Name of Tug |
|---|---|---|---|
| | | | |

_____
**Master**

_____
**Skipper/Receiver**

CNS SHIPPING GMBH
- AS AGENTS ONLY -

Page 2 of 2

Revision No. 01
Issued on: 25 Feb 2008

# ULLAGE REPORT FOR LEVEL GAUGE



M.T : LIQUID CHALLENGE
Voy No;: 103

Surveyor.

Draft F: 8,50 M   A: 9,10 M

Trim : 0,60 M   Heel : Nil

M  B/S

Capt : 
C/O :

DATE : 12th April 2009
PORT : HAMBURG, GERMANY
TERMINAL : VOPAK,DUPEG # 4

| Tank No. | Gauge | Trim Corr' | Heel Corr' | Gauge Corr' | Cargo Vol. | Temp (C) | D.Cor' Factor | Corr' Density | Net Vol(K/L) | Density | Ship's Figu'(M/T) | M/T on B/L | Cargo Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2P | 7.17 | 7.17 | | 7.17 | 430.447 | 15,0 | | | | 1.8410 | 792.453 | | SULPHURIC ACID |
| 2S | 7.18 | 7.18 | | 7.18 | 430.346 | 15,0 | | | | 1.8410 | 792.267 | | Density 1.8410 |
| 3P | 6.96 | 6.96 | | 6.96 | 474.920 | 15,0 | | | | 1.8410 | 874.328 | | At 15C / WCF 0.001 |
| 3S | 6.98 | 6.98 | | 6.98 | 476.993 | 15,0 | | | | 1.8410 | 878.144 | | |
| 5P | 6.79 | 6.79 | | 6.79 | 472.724 | 15,0 | | | | 1.8410 | 870.285 | | |
| 5S | 6.79 | 6.79 | | 6.79 | 473.875 | 15,0 | | | | 1.8410 | 870.563 | | |
| 7P | 6.09 | 6.09 | | 6.09 | 425.205 | 15,0 | | | | 1.8410 | 782.802 | | |
| 7S | 6.07 | 6.07 | | 6.07 | 423.795 | 15,0 | | | | 1.8410 | 780.207 | | |
| 9P | 6.42 | 6.42 | | 6.42 | 446.991 | 15,0 | | | | 1.8410 | 822.910 | | |
| 9S | 6.44 | 6.44 | | 6.44 | 449.030 | 15,0 | | | | 1.8410 | 826.665 | | |
| 11P | 6.49 | 6.49 | | 6.49 | 447.673 | 15,0 | | | | 1.8410 | 824.166 | | |
| 11S | 6.64 | 6.64 | | 6.64 | 458.819 | 15,0 | | | | 1.8410 | 844.686 | | |
| | | | | TOTAL : 5,409.818 | | | | | | | TOTAL : 9959.475 | | |

CNS SHIPPING GMBH
-AS AGENTS ONLY-

Remarks :

# CARGO-MANIFEST

| NAME OF SHIP | | | Port of Loading | Date of sailing |
|---|---|---|---|---|
| MT " Liquid Challenge " Voy. 12/2009 | | | Hamburg | 12. 04. 09 |
| Nationality of ship | Name of Master | | Port of discharge | |
| Marshall Islands | Capt. Valeriy Ignatov | | Moa Bay, Cuba | |

| 1)Shipper 2) Consignee 3) Notify | B/L No. | Marks and Numbers | Description of goods | Gross Weight    kos |
|---|---|---|---|---|
| 1.<br>BCT Chemtrade Corp.<br>Grienbachstrasse 17<br>CH-6300 Zug / Switzerland<br>2.<br>Moa Nickel S.A.<br>Carretera del Puerto S/N<br>Moa, Holguin, Cuba<br>Ph: 53 24 62401 / Fax : 53 24 62010<br>Attn: Gerardo Garcia -<br>Idania Rodriguez<br>3.<br>Moa Nickel S.A.<br>Carretera del Puerto S/N<br>Moa, Holguin, Cuba<br>Ph: 53 24 62401 / fax : 53 24 62010<br>Attn: Gerardo Garcia<br>Idania Rodriguez | 1 | " Clean on Board " | Sulphuric Acid in Bulk<br><br>Contract Number 21058<br><br>CNS SHIPPING GMBH<br>- as Agents only - | 9 . 9 5 9 . 4 7 5 |

# C N S  SHIPPING GMBH
# HAMBURG

---

# R E C E I P T

I, MASTER OF MT " **LIQUID CHALLENGE"**,   HEREWITH CONFIRM HAVING
RECEIVED ON BOARD:

~~1/3 ORIGINAL BILL OF LADING~~
~~1 NN COPY BILL OF LADING~~
1 CARGO MANIFEST
2 SEALED SAMPLES OF GOODS LOADED

FOR    KOS SULPHURIC ACID    9.959.475

HAMBURG/ MOA BAY

DATED:   12. 04. 09

MASTER OF MT "  LIQUID CHALLENGE".

# C N S  SHIPPING GMBH
## HAMBURG

## S T A T E M E N T   O F   F A C T S

| | | | | |
|---|---|---|---|---|
| Vessel: | "Liquid Challenge"  Voy 12/2009 | Place/Date: | Hamburg, 12.04.09 | |
| Loadport: | Hamburg | Dischargeport: | Moa Bay, Cuba | |
| Owners: | ACE Tankers | Cargo: | Sulphuric Acid | |

Remarks:

| | | | | |
|---|---|---|---|---|
| EOSP | 10.04.09 | 08.00 | hrs | |
| Dropped anchor | 10.04.09 | 08.12 | hrs | occupied berth/tank cleaning |
| Weighed Anchor | 11.04.09 | 11.55 | hrs | |
| POB | 11.04.09 | 13.45 | hrs | |
| NOR tendered | 10.04.09 | 23.00 | hrs | after completion drying tanks |
| NOR accepted | as per relevant C/P | | | |
| First Line | 11.04.09 | 20.25 | hrs | |
| All fast | 11.04.09 | 21.00 | hrs | |
| Name of berth | Hamburg-Petroleumhafen, Inst. VOPAK DUPEG, Jetty 4 | | | |
| Tanks inspected | 11.04.09 | 21.30 | hrs | |
| Tanks passed | 11.04.09 | 22.10 | hrs | |
| Hoses connected | 11.04.09 | 04.20 | hrs | |
| Commenced  loading | 11.04.09 | 05.15 | hrs | ex shore tanks & MT "Crystalwater" |
| Completed  loading | 12.04.09 | 20.20 | hrs | |
| Hoses disconnected | 12.04.09 | 20.50 | hrs | |
| Cargo documents on board | 12.04.09 | 22.45 | hrs | |
| Sailed | 12.04.09 | | hrs | |

MATE'S RECEIPT

Cargo as per B/L    9 . 9 5 9 . 4 7 5 kos    = Ship's figures

| | | |
|---|---|---|
| Remarks: | deballasting completed: | 11.04.09/ 03.15 hrs |
| | Loading ex MT 'Crystalwater': | 11.04.09/ 05.15 hrs -          hrs |

.................................
C N S  Shipping GmbH

- as Agents only -

.................................
Master MT    "Liquid Challenge"

 **DR. FINTELMANN UND DR. MEYER GMBH**

Consultant Chemists and Cargo Surveyors – Schmitt und Fintelmann

 **ANALYSEN GUTACHTEN FORSCHUNG**

## MASTER´S RECEIPT OF SEALED SAMPLES          008566

Vessel : "Liquid Challenge"                               Location : Hamburg, Vopak - DUPEG 4

This is to certify that I have received to be handed over to the consignee at port of discharge

the following sealed samples :

| Cargo | average ex shoretank(s) | composite ex vessel´s tank(s) | ex vessel´s pipeline(s) | composite ex barges and pipeline |
|---|---|---|---|---|
| Sulphuric Acid 96% | ./. | 2 x 0.5 litre | ./. | 2 x 0.5 litre |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Remarks :

FOR RECEIPT ONLY. THE COMPOSITE SAMPLE IS NOT REPRESENTATIVE FOR THE QUALITY OF THE CARGO LOADED.

The sample(s) are sealed with    **S&F Hamburg          14**

The sample(s) handed over to you with this receipt - on request of our customer - may contain dangerous good(s). Dr. Fintelmann und Dr. Meyer GmbH cannot be held responsible for unsafe transport, storage and disposal !

Master/Chief Mate : _____          Date / Time          Surveyor : von Glinowiecki

Signature : _____          12.04.2009          Signature : _____

22:30

Geschäftsführer: Dr. Hans-Wilhelm Meyer öffentlich bestellter und vereidigter Chemiker (Handelschemiker) der Handelskammer Hamburg. Akkreditiertes Prüflabor nach DIN EN ISO / IEC 17025. Die Akkreditierung gilt für den in der Urkunde aufgeführten Prüfumfang.

Mendelssohnstraße 15 D - 20761 Hamburg Tel 040/8996640 Fax 040/89966490 E-Mail info@fintelmann-meyer.de Internet www.fintelmann-meyer.de Es gelten ausschließlich unsere "Allgemeinen Leistungsbedingungen" Erfüllungsort und Gerichtsstand Hamburg. Amtsgericht Hamburg HRB 65113

Norddeutsche Landesbank Hannover Nr. 199 977 943, BLZ 250 500 00. Hamburger Sparkasse, Nr. 1044/132490, BLZ 200 505 50 USt-IdNr. DE 118545958 - Rechnungen sind zahlbar innerhalb von 14 Tagen ohne Abzug

# EXHIBIT B

Letter-01.0



## NOTICE OF READINESS *(Loading)*

| | |
|---|---|
| *Ship:* **LIQUID CHALLENGE** | *Voy:* **103 /BCT #12** |
| *Port:* HAMBURG, GERMANY | |
| *Date:* 10th April 2009 | |

Dear Sirs,

Please be advised of the arrival of the above named Vessel in the Port of HAMBURG at 23:00 hours today, April 10th 2009.

The Vessel is in every respect, and in accordance with C/P dated 20 Nov. 2008, ready to commence loading, and is hereby nominating the following quantities *(insert cargo no, nominated quantity and cargo name):*

- 10,000 MT Sulphuric Acid

Laytime to commence in accordance with terms and conditions of the above mentioned Charter Party. Please acknowledge receipt of this Notice of Readiness by signing and returning duplicate copies herewith.

This letter is tendered without prejudice to my notice(s) of Readiness sent on April 10th at 23:00 hours by Fax/E Mail/~~Telex~~.

| | | |
|---|---|---|
| TENDERED TO: | Vopak-Dupeg, Hamburg | Very truly yours, |
| PER: | C / P | |
| DATE & HOUR: | 10 Apr. 2009, 23:00 hrs | |
| | | Master/~~Agent~~ |

| | |
|---|---|
| RECEIVED BY: | ~~CNS SHIPPING GMBH~~ |
| | · AS AGENTS ONLY · |
| PER: | |
| DATE AND HOUR: | *ACCEPTED AS PER C/P* |

Page 1 of 1

# EXHIBIT C

Letter-16.0



# CERTIFICATE OF CLEANLINESS

**Ship:** *MT LIQUID CHALLENGE*         **Voy:** _103_

**Port:** *Hamburg, Germany*

**Date:** _11 April 2009_

This is to certify that I/we have on *(date and time)* _11.04.2009, 22:10_ inspected

the vessel's tank(s): _2W / 3W / 5W / 7W / 9W / 11 W_

as well as lines and pumps and found same to be clean, drained, empty and
therefore suitable for transport of *(insert cargo no, quantity and cargo name)*:

~~Heating coils are pressure tested at *(pressure)* 5.0 Kg by means of *(specify; water, oil, nitrogen, steam)*~~ _Air_

**CARGO : SULPHURIC ACID**

Heating coils blanked off *(Yes/No)*: _Yes_

Remarks:

Surveyor
*(Name, Company and Signature)*

Letter-35.0
Issued on: March 2006



## SHIP/SHORE OPERATIONAL AGREEMENT

**M/T** LIQUID CHALLENGE                    **Voy No** 103

**Terminal:** QUPCG # 4                     **Date:** 11 APR 09

**Cargo:** Sulphinic Acid                   **Quantity** 10,000 MT

**Dens:** _____ **Temp:** _____ **Pour Pt:** _____ **IMO No:** _____ **Un No** _____

|  | SHIP | SHORE |
|---|---|---|
| **TANKS** |  |  |
| **LINES/MANIFOLDS** | Available  6" | Diameter |
|  | Diameter | Length |
| **IDENTIFY THE CONNECTIONS** | No    Manifold  2 x 6" | SAHG |
| **EMERGENCY STOP PROCEDURES** |  |  |
| **COMMUNICATIONS** | VERBAL | SAHG |
| **RATE** (max./loading/discharging/topping) | 470 cum/Hr | 500 MTS/HR |
| **PRESSURE (BAR)** | 7.0 KG | 5 KG |
| **BOOSTER PUMP** | / | / |
| **NOTICE for STOP (minutes)** | 30 MIN | 30 Minute |
| **STOP LOAD/DISCHARGE (order)** |  |  |
| **VENTING SYSTEM** | PV valve | / |
| **RESTRICTIONS** | / | / |

Tendered to :                    Received by :        CNS SHIPPING GMBH.
                                                       - AS AGENTS ONLY

Per:                             Per:

Date and time:                   Date and time:

Page 1 of 1

Letter-12.0



M/T <u>LIQUID CHALLENG</u>          VOY : <u>103</u>   DATE :.................. *11 APR 09*

PORT : .................. *HAMBURG*

**TO :** SHORE INSTALLATION / RECEIVERS / CARGO SURVEYOR

# L O A D I N G   I N S T R U C T I O N S

Dear Sirs,

For sake of good order, I ask you please to acknowledge receipt of this letter detailing requirements on my part, as well as on the part of the charterers and other parties concerned, connecting with loading operation at your terminal.

[   ]  1 Please arrange that all cargo over board and seavalves to be sealed by your representative and or independent surveyor and relevant certificate in this respect to be issued and delivered to the vessel.

[   ]  2 Prior and after loading you are invited to conduct bunkers survey jointly with vessel's Chief Engineer. Otherwise Chief Engineer will measure the bunkers himself and the quantities ascertained will be binding for all parties.

[ ✓ ]  3 Immediately upon commencement of loading, I request you to arrange to take sample from: a. shore line, b. ship's manifolds and c. ship's first loaded tank, which after having properly sealed must be delivered to the vessel. Otherwise Chief Officer will take cargo samples himself and the same will be binding for all parties.

[ ✓ ]  4 On completion of loading, a joint sampling operation must be carried out and minimum.....X 1 litter/containers of cargo, properly sealed composite samples, from vessel's tanks have to be handed over to the vessel, one of which is to be delivered to cargo receivers at discharging port.

[ ✓ ]  5 As per charter party and relevant voyage instructions, cargo quantity to be supplied is......................................................................................

[   ]  6 The loading rate requested by vessel is................................M3/H which will be reduced to......................M3/H during topping off.

[ ✓ ]  7 As agreed, the loading to be terminated by **Shore / Ship** order.

[   ]  8 Maximum accepted cargo temperature (heated cargoes) as per C/Party is......C or F

[ ✓ ]  9 Apart from providing vessel's own set of cargo documents please arrange, per charterer's instructions, to place onboard one full set of documents which are to travel with ship's bag.

[ ✓ ] 10 The cargo documents, duly signed, should be delivered to the vessel (Master) within ................hours from disconnection of hoses. Any delay wold be claimed as detention.

[ ✓ ] 11 You are kindly requested to hand over to the vessel's Chief Officer before loading commencement, one full set of cargoes Material Safety Data Sheet.

[  ]12 _____

[  ]13_____

[  ]14_____

_____

                                                        **Truly yours**

**CNS SHIPPING GMBH**                       **Capt**...........................
    - AS AGENTS ONLY -                              **Master**

_____
<u>TERMINAL / SHIPPER'S REPRESENTATIVE</u>          <u>CARGO SURVEYOR</u>

                                                        Page 1 of 1



**DR. FINTELMANN UND DR. MEYER GMBH**

Consultant Chemists and Cargo Surveyors -- Schmitt und Fintelmann



## Certificate of Cleanness                   008566

**Vessel : "Liquid Challenge"**                   Location: Hamburg, Vopak - DUPEG 4

This is to certify that we have today inspected the following tank(s) :

| Tank(s) | Cargo to be received | Last cargo | Last but one cargo | Last but two cargoes | Coating Stainless Steel |
|---------|----------------------|------------|--------------------|----------------------|-------------------------|
| 2 P/S | Sulphuric Acid | Sulphuric Acid | Soybean Oil | Caustic Soda | Stainless Steel |
| 3 P/S | Sulphuric Acid | Molasses | Sulphuric Acid | Tallow Feed Sol. | Stainless Steel |
| 5 P/S | Sulphuric Acid | Molasses | Sulphuric Acid | Soybean Oil | Stainless Steel |
| 7 P/S | Sulphuric Acid | Molasses | Sulphuric Acid | Soybean Oil | Stainless Steel |
| 9 P/S | Sulphuric Acid | Molasses | Sulphuric Acid | Yellow Grease | Stainless Steel |
| 11 P/S | Sulphuric Acid | Molasses | Sulphuric Acid | Caustic Soda | Stainless Steel |
| | | | | | |
| | | | | | |

We found - by visual inspection only - these tank(s)          **clean and dry**
   and insofar     **suitable**     to receive the cargo concerned.
In view of the limited checking possibility of our visual inspection, the vessels/installations management
is solely responsible for the cleanness and serviceability of the pumps and lines.

The resistance of the coating can only be confirmed by the manufacturer.
For any condensation and resurgent odours during the time between the inspection and loading operations
we are not to be held responsible.

<u>Other remarks:</u>

Final acception of tanks after release of first foot sample.
The densitiy of the 96% Sulphuric acid is 1.8410 kg/l at 15° C in air.
The correction factor is 0.001.

Master/C.M. : ~~Cherwien E-R~~   Date / Time          Surveyor : von Gimowiecki
                                        11.04.2009
Signature :                              22:10          Signature : i.A.

Geschäftsführer: Dr. Hans-Wilhelm Meyer öffentlich bestellter und vereidigter Chemiker (Handelschemiker) der Handelskammer Hamburg   Akkreditierte Prüfstelle nach DIN EN ISO/IEC 17025  Die Akkreditierung gilt nur für die in der Urkunde aufgeführten Prüfverfahren

Mendelssohnstraße 15 D 22761 Hamburg  Te : 040-8998640 Fax: 040-89985490  E-Mail info@fintelmann-meyer.de Internet: www.fintelmann-meyer.de  Es gelten ausschließlich unsere Allgemeinen Leistungsbedingungen"   Erfüllungsort und Gerichtsstand Hamburg  Amtsgericht Hamburg HRB 65115

Norddeutsche  Landesbank  Hannover, Nr. 199 877 943, BLZ 250 500 00  Hamburger Sparkasse, Nr 1041/132130, BLZ 200 505 50  USt-IdNr. DE 118545866  Rechnungen sind zahlbar innerhalb 14 Tagen ohne Abzug

# EXHIBIT D



Patroula Syriopoulou <p.syriopoulou@elmira.com.gr>

## LIQUID CHALLENGE (REF:090BE9800)

**Doric Shipbrokers S.A. <tankers@doric.gr>**          Wed, May 27, 2009 at 4:07 PM
To: operations@elmira.gr

TELiX MSG: 0BE98-00 27/05/09 16:07

DORIC SHIPBROKERS S.A. - ATHENS, GREECE
TEL: +30 210 9670970 - FAX: +30 210 9670985


att: ops

from charrs

qte

MT LIQUID CHALLENGE / ACE TANKERS - C/P 15.01.2009
---
Please find below Ace's reply :


Ref: 270509-HT00002070 - Henk Turenhout.

Good afternoon Lisbeth,

Ref below, we do agree with Owners that we should not be entitled to deduct a
possible future cargo claim from hire.

As a result of the alleged contamination of Sulphuric Acid in Hamburg however
vessel is considered off hire in Hamburg for the delay after departure,
furthermore Charterers are deprived from the full use of the vessel as from
departure MOA and consequently are entitled to deduct losses resulting from
this (partial) off hire from next hire payment accordingly as follows:

Off Hire Hamburg
Delay at anchorage: 13/4 08:10 - 18/4 00:30    = 4.6806 days  = USD  51,954.
66

Bunkers used during off hire Hamburg
LSHFO 8.7 MTS at USD 303.00 PMT              = USD  2,636.
10
LSMDO 7.8 MTS at USD 442.00 PMT              = USD  3,447.
60

Estimated partial off hire as from departure MOA:
Total cargo carrying capacity assumed to be 11000 MTS
Off spec cargo expected to be discharged 31/5 01:00
(5/5 01:00 - 31/5 01:00) x 1740.808 MTS/11000 MTS    = USD  45,672.
45

Total estimated losses              = USD 103,710.
81

A complete off hire claim will be issued accordingly and a reservation for the
above in the amount of USD 100,000.00 will be deducted from next hire payment
accordingly.

Elmira Shipping & Trading S.A. Mail - LIQUID CHALLENGE (REF:090BE9800)                    Page 2 of 3

Meantime Charterers reserve the right to revert with a complete cargo claim
towards Owners resulting from the alleged contamination of Sulphuric Acid with
Molasses.

Kind regards,

Henk


Henk Turenhout
Ace Tankers - Operations Manager
Phone : +31 20 717 97 97 (switchboard)
Phone : +31 20 717 97 92  (direct)
Fax   : +31 20 717 97 82
E-mail: operations@ace-tankers.com
Mobile: +31 653248458
P  Save paper, ARCHIVE instead of printing your emails



<----- Original Message ----->
From: Lisbeth Jurgensen <acidchem@acidchem.dk>
To: ACE Tankers <claims@ace-tankers.com>; ACE Tankers
  <accounting@ace-tankers.com>;
Received: 26-5-2009 14:58:55
Subject: [HT] LIQUID CHALLENGE


FROM: ACIDCHEM CHARTERING APS
DATE: 26-05-2009 14:39:38
REF : LJ2065923

att Cees + Andrea

MT LIQUID CHALLENGE / ACE TANKERS - C/P 15.01.2009
--- hire


from owners

*IMPORTANT*

Owners received Charterers' message dated 26th May 2009 regarding a
provisional claim in the total amount of US $ 842,185.00
resulting from the alleged cargo contamination in tanks nos. 5 P / 5 S.

Cause of the alleged claim has not yet been established and the figures
presented are totally unsupported.

In any case Charterers are not entitled under the c/p terms (clause
9) to set-off / deduct the alleged claims for lost freight, income
and time from hire.

Thus Chrrs should revise asap their soa and proceed with payment of the
current hire due on 27/5/09.

Chrrs swift confirmation/payment is URGENTLY required.


Tks & Rgds
Patroula
++

Brgds
Lisbeth

📄 _70002_msg.htm
   10K



HIRE STATEMENT

# LIQUID CHALLENGE

| | | |
|---|---|---|
| **STATEMENT NUMBER** | : | 9 |
| **OWNER** | : | ELMIRA SHIPPING AND TRADING SA |
| **TIME CHARTER DATE** | : | |
| **DATE OF PAYMENT** | : | |

| | | FROM | UNTILL | | |
|---|---|---|---|---|---|
| **HIRE PERIOD** | : | 27/5/2009 0:00:00 | 12/6/2009 0:00:00 | | |

| | | | PDPR | USD |
|---|---|---|---|---|
| **HIRE DAYS VOYAGE** | 16,00 | | 11.100 | 177.600,00 |
| **COMMUNICATION EXPENSES** | | | | 550,00 |
| **ADDRESS COMMISSION** | -1,25% | | | -2.220,00 |
| **BROKERS COMMISSION** | -2,50% | | | -4.440,00 |
| **INV 71123** | | | | -9.800,31 |
| **RESERVATION FOR LOSSES RESULTING FROM OFF HIRE AND OWNERS BREACH OF TC/P CLAUSE 10** | | | | -100.000,00 |

| | |
|---|---|
| **DUE TO OWNERS** | **61.689,69** |

Remittance:

Name :  ELMIRA SHIPPING AND TRADING
Address: 7 FRAGOKLISSIAS Street , Maroussi 151 25, Athens , Greece

IBAN - A/c:  038-016465-036
Bank swift code: MIDL GR AA
bank name: HSBC Bank PLC
bank address: Halandri Branch,8 Eleftheroton sq, GR 152 32, Halandri, greece

Tower D Level 10            Tel +31 20 717 9797        KvK  30240841
Strawinskylaan 1057        Fax +31 20 717 9782        BTW 8194.13.343.B.01
1077 XX Amsterdam         www.ace-tankers.co        info@ace-tankers.com